## RICHARD BASSETT'S and JOSHUA CLAYTON'S LESSEE v. ELLSBURY, GEARS, and HAUGHEY.

Court of Common Pleas. New Castle. May, 1798.

*Rodney's Notes.*

*George Read, Ridgely* [for plaintiff]. *Vandyke* [for defendants].

Defendants confess lease, entry and ouster for the tenant, where Thomas Reynolds and Richard Reynolds formerly lived; also that part, red letter A, and part of tenant of Ellsbury 42a;

and refuse to confess for the tract where Edward Rumsey lived. No difficulty therefore in giving verdict for this.

*G. Read* for plaintiff. Patent for Bohemia Manor, September 4, 1782, from Proprietary of Maryland, admitted by defendants. The lands for which defense is taken is part of Bohemia Manor, and plaintiffs have the fee simple, but defendants claim the possession under leases from the former owners. Question for you, are they entitled to it.

Edward Oldham, aged 41 last December. Between eleven and twelve years have been acquainted with this land. Haughey had two tenants, one named Gears, the other, William Reynolds. In April or May, 1785, the timber on these lands was cut down and taken off in large quantities. There was about twenty acres woodland, entirely cut by Robert Haughey and his tenants. In May, 1786, timber was chiefly taken away. Did not see any on the farm. I forbid him cutting the timber. He persisted. Lawson also forbid him. Timber was cut at letter A. There was timber cut on Thomas Reynolds' tract. Timber is all cut off, the land is cleared. I think I have seen the lease. It was for a certain Stephen Julian's life. I believe he is not now living. He lived near Fort Pitt, and can't now be heard of. This was about [——] [1]. The house and fence have been in bad repair for some years back. I would not put them in repair for land. Peter Buchell held these lands by his wife, Catharine, one of the daughters of Ephraim Harmon, sister to Mary, who were coparceners in the Manor. Lawson told me he could never get to see the other two leases of Reynolds.

Cross-examined. Don't know that Francis Haughey or the tenants have cut off or injured the lands. I would not give anything for the lands but believe Haughey rented them for £150. Robert Haughey paid me rents up until the division, or 91 or 2 for a moiety, on the old contract about £12.10.0. Lawson did not know the covenants in those leases. He had the tenants charged with rent in a book. I did not conceive a lease from one of those coparceners good. I am entitled to a farm on the death of Stephen Julian. Lawson leased a farm to John Carty, himself.

William Stidham, sworn. On February 19, I set up those lands and Judge Rassey made known his claim on the same to Haughey. I set them up at their request and William Frazer took them for £310. He has not paid me for them, but signed the conditions to forfeit four shillings in the pound. All the

---

[1] Blank in manuscript.

lands of Robert Haughey will not sell for a sufficient sum to pay the judgments.

Richard Reynolds. The lands were held under two leases, three lives in each. Thomas Reynolds is dead. Myself and Abram Eliason are living. Lease in '56. Never heard objection to validity of the leases except this. There were former leases, and these were renewed.

*Mr. Vandyke* for defendants. Admitted that February, 1756, lease from Peter A. Buchell and Mary Lawson to Richard Reynolds, etc., and the longest liver. Execution of February 18, 1780, consideration £150 [2], Francis Reynolds sold to aforesaid Francis Haughey.

Account of executors of Peter Lawson against Robert Haughey, £35 due, proved by Richard Bassett, Esq., 1794, due for a moiety [of the] rent on Reynolds' place, to one whole rent due Bassett on Crocker Reynolds' and Savins' place.

July, 1793. Deposition of Stephen Julian that his father had taken a lease etc., taken before Zephaniah Beal, senior.

*G. Read.* Defendants allege they have leases, which entitles them to possession. I shall show you the leases are void either in whole or in part. Joshua Clayton is not interested in this action. Two farms leased to Richard Reynolds. Leases were made by Buchell, tenant by the curtesy, or life, and Mary Lawson. Admitted [that] no counterpart of these leases were in possession of the successors etc., that they were not recorded, and that R. B. had no knowledge of the contents of them. First, by an Act of Maryland all conveyances for more than seven years should be acknowledged and recorded within six months etc., or void. 1 Md.Laws 67 (1715). This lease not recorded at all. It is admitted there are similar leases for Thomas Reynolds and Lambert Ellsbury, parts, if not void as to whole. Second, they are void as to half because Peter A. Buchell could convey only for his life. It is in evidence he long since died. It may be said, though the leases are void, yet plaintiff's having received rents operates as a confirmation. We say the receipt of such will not make good a void lease, more especially when he did not know the terms of lease. Runn.Eject. 118. Receipts for rent do not confirm a void lease. Lord Mansfield said no intention appearing to confirm, but receiving only by mistake, no confirmation. Coop.Eq.Pl. Acceptance of rent alone without other circumstances will not confirm a lease voidable.

---

[2] Unclear in manuscript.

*Mr. Vandyke* for defendants.   Act of Maryland.   By reason of bargain and sale only unless recorded.   Act, 1766, chapter 14. An additional supplement says, former Act only extends to conveyances by bargain and sale only and does not apply to this case.   2 Bl.Comm. 338.   Bargain and sale is conveyance to sell the land, etc.   Lease is always for less time than the bargainer has, so Mary Lawson, tenant in tail.   Statute, 32 Hen. VIII, c. 28, s. 1, 2.   Title, lessee is to enjoy the land against tenant in tail.   Lease not to be longer than 21 years or three lives then existing or the survivor.   Provided no existing lease remains unexpired.   1 Bl.Comm. 87.   Three points in construction, the old law, mischief, and remedy.   [1] Dall. 435, mortgage recorded a year after the date, though law says should be six months after execution;   McKean [said] mortgage may be good to pass the lands, though not good against a person holding a mortgage legally recorded, but may be against those purchasers who have notice of them.   Com.Dig. 569, 570, letter S;   wife's agreement will confirm lease by husband.   3 Bac.Abr. 376.   If tenant make lease to commence in twenty years and dies before, yet his issue by agreeing to accept rent will make it good though it would have been void.   This lease was sold publicly, and Lawson should have given notice if he disputed the lease.   2 Com.Dig. 339, 4 I 3.

*Ridgely.*   This case does not apply—no public sale as to the Ellsbury's tract.   Stephen Julian, one of the lessees, appears to have been alive in 1793 since bringing action.

*G. Read.*   [2] Bl.Comm. 319.

*Ridgely.*   Lease was set up and bought by executors and after sold privately to H. Lease void as to Buchell's moiety, he having no right, lease void as to Mary Lawson's, the lessee, Reynolds, having kept this lease in his pocket (and not recorded).   Act of Maryland says all deeds and conveyances shall be recorded if for more than seven years.   Statute, Hen. VIII, does not apply to this country, not being practised under before the Revolution.   If it had, the Constitution would affirm it.   Statute, Geo. II, making insurance double the value void.   Supreme Court in Sussex determined [that statute] was not in force.   If Statute did apply, the rent reserved should be to the use of those entitled to the land.   Vail's lease said to exist for the life of Stephen Julian.   His deposition from the circumstances cannot be true.   Why does not the lessee produce the lease or some account of it?   Com.Dig. 569, 570;   if the husband and wife make a lease, the agreement of wife after will confirm it, but then she is acquainted with the circumstances and that she has signed, not like this.   Doug. 53, mistake in receiving rent, no confirmation.

*G. Read* in conclusion. The Act of Maryland is to be construed to apply to other deeds and conveyances, besides bargains and sales, and to prevent secret purchases, etc.

The Court are of opinion that Peter A. Buchell could make a lease for no more than one moiety, that the bare acceptance of rent is not of itself sufficient, etc. It is a question for the jury how far the existence of Stephen Julian is proved. We give no opinion on the Maryland Act, whether it applies or not to leases.

Verdict for plaintiff generally.